IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCUS GREGORY MARCOOT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-48-M-BR |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Marcus Gregory Marcoot ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging a prison disciplinary proceeding that took place at the Neal Unit in Potter County, Texas. (ECF 3 at 1, 5). Petitioner is currently incarcerated at the Neal Unit pursuant to a conviction for driving while intoxicated, third offense, enhanced, and the resultant 12-year sentence. (ECF 3 at 2; ECF 12 at 2; ECF 12-1 at 2). Petitioner's conviction is out of the 266th District Court of Erath County, Texas. (ECF 12 at 2; ECF 12-1 at 2). The undersigned United States Magistrate Judge is of the opinion that Petitioner's application for federal habeas corpus relief should be DENIED.

## I.    DISCIPLINARY CHARGE AND PROCEEDINGS

On December 13, 2017, in disciplinary case number 20180097965, Petitioner was charged with the offense of engaging in a fight without a weapon with another offender under Level 2, Code 21 of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders*. (ECF 12 at 2; ECF 13-2 at 3). Specifically, it was alleged that on December 10, 2017, Petitioner "did engage in a fight without a weapon . . . by hitting [another] offender . . . . Moreover, the fight did not result in any

injuries." (ECF 13-2 at 3). A Disciplinary Hearing Officer ("DHO") conducted Petitioner's disciplinary hearing on December 18, 2017. (*Id.*). Petitioner did not attend the hearing. (*Id.* at 8). The DHO found Petitioner guilty of the charged offense and assessed punishment that included forfeiture of ninety (90) days previously accrued good time credit.[1] (*Id*. at 3).

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. On January 23, 2018, relief was denied at Step 1 with the following response:

> Major disciplinary case #20180097965 has been reviewed. You were provided the opportunity to attend your hearing in order to present your defense but, you failed to attend your hearing. The disciplinary charge is appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence as well as your failure to refute the charges. All due process requirements were satisfied and the punishment imposed by the Disciplinary Hearing Officer was within agency guidelines. No corrective action is warranted for this appeal.

(ECF 13-1 at 4). On February 20, 2018, relief was denied at Step 2 with findings that there was sufficient evidence to sustain the charge and the finding of guilt, that the hearing was conducted per policy with no due process or procedural errors being noted, and that the punishment assessed was within agency guidelines. (*Id.* at 6).

Having unsuccessfully challenged the case administratively, Petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.[2]

## II.    PETITIONER'S ALLEGATIONS

Petitioner contends that his federal constitutional rights were violated as a result of the

---

[1] Petitioner's other punishment included: (1) loss of forty-five (45) days of recreational privileges; (2) loss of forty-five (45) days of commissary privileges; (3) loss of forty-five (45) days of offender telephone service; and (4) reduction in line classification from L2 to L3. (ECF 13-2 at 3). However, these punishments constituted changes in the conditions of Petitioner's confinement and do not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[2] The Texas Court of Criminal Appeals has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

disciplinary charge and finding of guilt because:

1.   His due process rights were violated because he was denied the right to attend his hearing.

2.   His due process rights were violated because specific witnesses were not called at his hearing.

3.   He was denied effective assistance of counsel substitute.

(ECF 3 at 6–7).

### III.    EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Consequently, no relief may be granted unless either Petitioner has first exhausted the remedies available in the state courts or an exception to exhaustion exists. However, Petitioner's habeas application may be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031–32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution

---

[3] Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259–60 (5th Cir. 2001).

Respondent does not contest that Petitioner has properly exhausted the claims presented herein. (ECF 12 at 4).

## IV.    STANDARD OF REVIEW

In order to prevail, Petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must be satisfied. 418 U.S. 539 (1974). Those are:

1.    Advance written notice of the charges;

2.    An opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

3.    A written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Id*. at 563–66.

## V.    <u>MERITS</u>

### A. Due Process

As stated *supra* and thoroughly briefed by Respondent, Petitioner was afforded all the due process to which he was entitled under *Wolff*. The record shows that Petitioner received written notice of the charges at approximately 10:40 am on December 13, 2016, but "declined to sign" the notice. (ECF 12 at 2, 9; ECF 13-2 at 3). Therefore, Petitioner received notice in advance of the twenty-four hour period of preparation required under the first prong of *Wolff*. (*See* ECF 12 at 2; ECF 13-2 at 3); *Wolff*, 418 U.S. at 564. The first of prong of *Wolff* was satisfied.

Additionally, the record includes a copy of the TDCJ Disciplinary Report and Hearing Report form on which the DHO noted the guilty finding and listed the reasons for the determination of guilty, including the charging officer's written report, which Petitioner did not refute. (*Id.* at 3). As such, the third prong of *Wolff* was satisfied.

By his first claim, Petitioner argues that his due process rights were violated because he was denied the right to attend his disciplinary hearing. (ECF 3 at 6). Petitioner alleges that he told his counsel substitute he wanted to attend the hearing, but the Disciplinary Board "falsified" the document by changing the answer from "Yes" to "No." (*Id.*). Respondent, however, contends that Petitioner "was not excluded from the hearing" and "was informed of his right to attend but refused." (ECF 12 at 9; Disciplinary Hearing Audio). Nothing in the record supports Petitioner's claim that the Disciplinary Board "falsified state documents" or suggests that Petitioner was excluded from the disciplinary hearing by the DHO or any other person. Petitioner has presented nothing other than conclusory allegations, unsupported by evidence in the record, and these bald assertions are too vague, conclusory, and unsupported to be of probative evidentiary value in support of his claim. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *see also Milam v.*

*Davis*, 733 F. App'x 781, 787 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 335 (2018). As such, Petitioner's first claim should be denied.

By his second claim, Petitioner argues that his due process rights were violated because specific witnesses were not called at his disciplinary hearing. (ECF 3 at 6). The second prong of *Wolff* mandates an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563–66. Petitioner claims he told his counsel substitute that he wished to call two witnesses, but his counsel substitute failed to have the witnesses testify. (ECF 3 at 6). Respondent explains that Petitioner "did not request any specific witnesses to testify at his disciplinary hearing." (ECF 12 at 11). The record reflects that Petitioner was informed of his right to call and question witnesses, but Petitioner did not request that any witnesses testify at his disciplinary hearing. (ECF 13-2 at 9). There is no evidence supporting Petitioner's claim that his counsel substitute refused to call witnesses at the disciplinary hearing. Again, Petitioner has presented conclusory allegations that are unsupported by evidence in the record and have no probative evidentiary value in support of his claim. *Miller,* 200 F.3d at 282. Petitioner's second claim should be denied. The second prong of *Wolff* was satisfied.

**B.  Ineffective Assistance of Counsel Substitute**

By his third ground, Petitioner asserts he was denied effective assistance of counsel substitute for multiple reasons. (ECF 3 at 7). The United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976) (citing *Wolff,* 418 U.S. at 570). Under *Baxter*, Petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing, as he was not entitled to representation. Because Petitioner did not have a right to either appointed or

retained counsel at his prison disciplinary hearing, there was no constitutional violation on which

habeas relief can be granted based on ineffective assistance of counsel substitute. *See Enriquez v.*

*Mitchell,* 533 F.2d 275, 276 (5th Cir. 1976). Petitioner's third claim should be denied.

## VI.    RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

Petitioner be DENIED.

## VII.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 28, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the
event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is
fourteen (14) days from the date of filing as indicated by the "entered" date directly above the
signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by
electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the
fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28
U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the
Findings, Conclusions and Recommendation." Objecting parties shall file the written objections
with the United States District Clerk and serve a copy of such objections on all other parties. A
party's failure to timely file written objections shall bar an aggrieved party, except upon grounds
of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal
conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district

court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).